# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

KUPAA KEA,

        Plaintiff,

vs.

NEVADA BOARD OF PAROLE COMMISSIONERS, *et al.*,

        Defendants.

Case No. 2:20-cv-00109-KJD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

Before the Court are pro se plaintiff Kupaa Kea's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Kea's in forma pauperis application is granted and his complaint is dismissed without prejudice, with leave to amend.

## DISCUSSION

Kea's filings present two questions: (1) whether Kea may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Kea's complaint states a plausible claim for relief.

**I.  Whether Kea May Proceed In Forma Pauperis**

Kea's application to proceed in forma pauperis is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Kea's affidavit, he does not have any income and he has $23.80 in funds available, as reflected on his inmate financial certificate. (ECF No. 1 at 4). Plaintiff's application to proceed in forma pauperis is granted.

//

**II.     Whether Kea's Complaint States a Plausible Claim**

Because the Court grants Kea's application to proceed *in forma pauperis*, it must review Kea's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Kea's complaint is a Section 1983 complaint against the Nevada Board of Parole Commissioners, Dept of Public Safety Division of Parole and Probation, Governor Steve Sisolak, the Director of Nevada Department of Corrections, and Warden Brian Williams. (See ECF No. 1-1 at 1). Kea is currently incarcerated. (*Id*. at 1). Kea alleges that the Parole Board violated his constitutional rights because he is still incarcerated even though he should have been released on parole. (*Id*. at 6).

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). The Supreme Court has held that a prisoner in custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) The Wilkinson court found that a prisoner's "§ 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).

Plaintiff's challenge to the fact that he is still incarcerated even though he should have been released on parole is a challenge to, "the prisoner's continuing confinement." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). "This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." *Id*. The prisoner's "sole remedy [is] a habeas corpus petition." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004) (Finding that inmates did not have standing to seek relief under § 1983 because the validity of confinement can only be addressed by a habeas corpus petition.)

Plaintiff does not have standing to challenge the invalidity of his confinement due to an error by the parole board, and thus he fails to state a § 1983 claim against any of the defendants. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that Plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action.

While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages

3

for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). However, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. Plaintiff gives no indication in his complaint that his conviction has been overturned by any court.

Kea fails to articulate a claim or claims against defendants. It is possible that these deficiencies may be cured through amendment. Kea's complaint is dismissed without prejudice. Kea must file an amended complaint explaining how the Court has jurisdiction over the defendants, the circumstances of the case, the relief Kea seeks from the Court, and the law upon which he relies in bringing the case in this Court. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

ACCORDINGLY,

IT IS ORDERED that Kea's application to proceed in forma pauperis (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Kea's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Kea has until Monday, March 9, 2020 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 7th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE