**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| KUPAA KEA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>NEVADA BOARD OF PAROLE COMMISSIONERS, *et al*.,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-00109-KJD-VCF<br><br>**Report and Recommendation**<br><br>AMENDED COMPLAINT (ECF NO. 10) |

　　　　Before the Court is pro se plaintiff Kupaa Kea's amended complaint (ECF No. 10). The Court recommends that plaintiff's amended complaint be dismissed.

**I.　　Discussion**

　　　　The Court previously dismissed plaintiff's complaint without prejudice because, "[t]he Supreme Court has held that a prisoner in custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005)." (ECF No. 4). Plaintiff challenged his continuing incarceration in his original complaint (ECF No. 5) due to alleged defects in his parole hearing and the Court found that the prisoner's "sole remedy [is] a habeas corpus petition." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004)). The Court gave plaintiff leave to amend.

//

Plaintiff has now timely amended his complaint, but it appears that he is still incarcerated[1] and he wishes to bring the same challenges to his continued confinement due to the alleged defects in his parole hearing. (ECF No. 10 at 1 and 7). In plaintiff's amended complaint he asks this Court to vacate his conviction, pardon him, and to change the parole board regulations. (*Id*. at 14).

Because the Court granted plaintiff's application to proceed in forma pauperis, it must review plaintiff's amended complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Despite plaintiff's amendment to his complaint, plaintiff still seeks relief that cannot be awarded in a § 1983 action.  The *Wilkinson* court found that a prisoner's "§ 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81-82 (emphasis in original). Plaintiff does not have standing to challenge the invalidity of his confinement due to an error by the parole board, and thus he fails to state a § 1983 claim against any of the defendants. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that

---

[1] Plaintiff submitted a non-prison address to the Court as a change of address (ECF No. 7 at 1) but when he filed his amended complaint he (1) lists a new prison address in the amended complaint and (2) in the factual portions of the amended complaint he alleges he is still incarcerated (ECF Nos. 10 at 1 and 7). Plaintiff's claims would still fail regardless because he has not shown that his conviction or sentence has been invalidated by another court pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action.

While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-487. "§ 1983 is not a backdoor through which a federal court may overturn a state court conviction." *Houston v. City of Carson*, No. 3:14-CV-00687-MMD, 2015 WL 5092698, at 4 (D. Nev. Aug. 27, 2015). Plaintiff gives no indication in his amended complaint that his conviction has been overturned by any court. Kea fails to articulate a claim or claims against defendants and he has not cured any deficiencies through amendment. This case should be dismissed.

ACCORDINGLY,

IT IS RECOMMENDED that this action be DISMISSED, and Judgment entered, accordingly.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 11th day of May 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE